UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **James Crawford**, | |
| Plaintiff, | Case No. |
| v. | |
| **Seventh Avenue Incorporated**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**James Crawford** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Seventh Avenue Incorporated** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. This jurisdiction was specifically confirmed to apply to cases under the TCPA by Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012).

3. This Court has personal jurisdiction over Defendant because Defendant is a corporation of the State of Wisconsin and has its principal place of business in the State of Wisconsin.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. Plaintiff is a natural person residing in Laurelton, New York 11413.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with a principal place of business or head office at 1112 Seventh Avenue, Monroe, Wisconsin 53566.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Beginning in or before November or December 2016 and continuing through in or around May 2017, Defendant repeatedly called Plaintiff on cellular telephone.

13. During this time Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

14. Plaintiff knew that Defendant's calls were automated calls as the calls would start with a pause or delay and/or a recording of a human voice before being connected with Defendant's live representatives.

15. Plaintiff also received automated voice messages from Defendant.

16. Plaintiff knew the calls were coming from Defendant because the persons and/or recordings on the line stated the company's name.

17. In or around December 2016 or January 2017, Plaintiff told Defendant he did not wish to be contacted.

18. On subsequent calls through May 2017, Plaintiff repeated his instruction to Defendant not to call.

19. Defendant heard and acknowledged Plaintiff's instruction to stop calling.

20. Once Defendant was informed that its calls were unwanted and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

21. Despite Plaintiff's clear demand to refrain from contacting him, Defendant persisted in calling Plaintiff multiple times through May 2017.

22. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone. 47 U.S.C. § 227(b)(1)(A)(iii).

25. Defendant initiated multiple and repeated telephone calls to Plaintiff's cellular telephone.

26. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

27. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number with a prerecorded or automatically generated voice.

28. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

29. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

30. Defendant's conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system and/or prerecorded or automated voice to Plaintiff's cellular telephone.

31. The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C. § 227(b)(3).

32. When Defendant called Plaintiff from around November or December 2016 through around May 2017, it knew no later than Plaintiff's instruction to stop calling around December 2016 or January 2017 that it did not have prior express consent to call Plaintiff.

33. Defendant's violation of the TCPA was therefore either willful or knowing starting from the date of Plaintiff's first instruction to stop calling.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages

**Wherefore**, Plaintiff, **James Crawford**, respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

4

      d.      Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

      e.      Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **James Crawford**, demands a jury trial in this case.

Respectfully submitted,

Dated: 2/05/19

By: *s/ Joseph C. Hoeffel*
Joseph C. Hoeffel, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: jhoeffel@creditlaw.com